Todd R. Tucker (To be admitted *pro hac vice*)
Ttucker@calfee.com
Kyle Deighan (To be admitted *pro hac vice*)
kdeighan@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone:   (216) 622-8200

Seth Jessee (State Bar No. 310983)
sjessee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff
AVATION MEDICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVATION MEDICAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EMKINETICS, INC.,<br><br>Defendant. | Case No. 3:24-cv-01702<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NOS. 9,002,477, 11,224,742, AND 11,844,943**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Avation Medical, Inc. ("Avation" or "Plaintiff"), by and through the undersigned counsel, files this Complaint for Declaratory Judgment of Noninfringement against Defendant EMKinetics, Inc. ("EMKinetics" or "Defendant") and in support of its Complaint alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code. Avation requests this relief because Defendant has alleged and continues to allege that Avation's Vivally®

1  System ("Vivally") infringes U.S. Patent Nos. 9,002,477 (the "'477 patent"), 11,224,742
2  (the "'742 patent"), and 11,844,943 (the "'943 patent") (collectively, the "Challenged
3  Patents").
4      2.    Defendant's affirmative allegations of infringement of the Challenged
5  Patents against Avation have created an immediate, real, and justiciable controversy
6  between Avation and Defendant.
7      3.    Neither Avation nor its products practice the Challenged Patents.  Avation
8  has not induced or contributed to any third-party product or technology that practices the
9  Challenged Patents.

## PARTIES

11      4.    Avation is a Delaware corporation with its headquarters at 1375 Perry Street,
12  Columbus, OH 43201.
13      5.    Avation is an innovative neuromodulation and digital health company with a
14  mission to make wearable peripheral neuromodulation accessible to patients across a
15  variety of clinical conditions.  Avation's Vivally is an FDA-cleared, closed-loop, at-home
16  wearable neuromodulation device system for patients suffering from urge urinary
17  incontinence and urinary urgency caused by overactive bladder syndrome.  Vivally is the
18  first and only such device that is cleared by FDA to be marketed in the United States that
19  applies closed-loop, adaptive and non-invasive at-home neuromodulation to treat these
20  bladder conditions.
21      6.    On information and belief, Defendant is a Delaware corporation with its
22  principal place of business located at 1800 Gateway Drive, Suite 300, San Mateo,
23  California 94404, which is in San Mateo County.

## JURISDICTION AND VENUE

25      7.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et*
26  *seq.*, and under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*
27      8.    This Court has subject matter jurisdiction over this action under 28 U.S.C.
28  §§ 1331, 1338(a), and 2201, and 2202.  As detailed below, Defendant's infringement

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-2-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

1  allegations give rise to an immediate, real, and justiciable controversy between Avation
2  and Defendant as to whether Avation is infringing or has infringed any claims of the
3  Challenged Patents.

4  9. This Court has personal jurisdiction over Defendant because Defendant's
5  principal place of business is in California and more particularly in this District, rendering
6  it essentially at home in California.

7  10. Venue is proper in this District under 28 U.S.C. §§ 1400(b) because
8  Defendant resides in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

10  11. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and
11  3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## BACKGROUND

13  12. On April 7, 2015, the USPTO issued the '477 patent, entitled "Methods and
14  Devices for Performing Electrical Stimulation to Treat Various Conditions," to Daniel R.
15  Burnett.  The face of the '477 patent lists EMKinetics, Inc. as the assignee.  A true and
16  correct copy of the '477 patent is attached hereto as **Exhibit A**.

17  13. On January 18, 2022, the USPTO issued the '742 patent, entitled "Methods
18  and Devices for Performing Electrical Stimulation to Treat Various Conditions," to
19  Daniel R. Burnett.  The face of the '742 patent lists EMKinetics, Inc. as the assignee.  A
20  true and correct copy of the '742 patent is attached hereto as **Exhibit B**.

21  14. On December 19, 2023, the USPTO issued the '943 patent, entitled
22  "Methods and Apparatus for Transdermal Stimulation Over the Palmar and Plantar
23  Surfaces," to Amit Rajguru, Daniel R. Burnett, Alexander Vergara, and Michael Hemati.
24  The face of the '943 patent lists EMKinetics, Inc. as the assignee.  A true and correct copy
25  of the '943 patent is attached hereto as **Exhibit C**.

26  15. On October 23, 2023, Defendant sent Avation a letter to "initiate licensing
27  discussions . . . concerning EMKinetics' patent portfolio."  In the letter, Defendant stated
28  that "[w]e believe that the following assets may have particular interest and value to you"

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-3-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

and listed the '477 patent, the '742 patent, and U.S. Application No. 17/568,276, which issued as the '943 patent.

16. On December 19, 2023, Defendant's counsel David Gerasimow spoke via phone to Avation's litigation counsel Todd R. Tucker and communicated Defendant's belief that Avation requires a license to Defendant's patent portfolio to market and sell the Vivally System.

17. On February 23, 2024, Defendant sent Avation another letter, which provided a "settlement offer" to "fully settle and resolve all claims of patent infringement by EMKinetics against Avation."

18. Defendant's allegations of infringement by Avation's Vivally and insistence that Avation requires a license to Defendant's patent portfolio to continue marketing and selling the Vivally System demonstrate affirmative acts by Defendant to enforce its rights in the Challenged Patents.

19. Defendant's assertions of infringement by Avation's Vivally allege current infringement beyond meaningful preparation to conduct infringing activity.  As a result of Defendant's assertions of infringement by Avation, Avation is under reasonable apprehension and threat that Defendant will pursue claims that Avation infringes the Challenged Patents.

20. The imminent threat to Avation is further underscored by the fact that on February 23, 2024, Defendant filed a patent infringement lawsuit in the U.S. District Court for the District of Delaware against a third-party medical company called Cala Health, alleging Cala Health's neuromodulation devices infringes several patents that are related to the Challenged Patents.  Defendant's business strategy of suing companies in the neuromodulation field that apparently refuse to license its patents make it highly likely that Defendant will sue Avation for patent infringement of the Challenged Patents.

21. Accordingly, there is an immediate and existing case or controversy, and declaratory judgment jurisdiction exists over the subject matter set forth in this complaint.

22. Neither Avation, nor any of its products, directly or indirectly infringe any of

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-4-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

1  the Challenged Patents.

2      23.    Neither Avation, nor any of its products, perform each element of any claim

3  of the Challenged Patents, nor does Avation instruct third parties to perform each element

4  of any claim of the Challenged Patents.

## FIRST CAUSE OF ACTION

## NONINFRINGEMENT OF U.S. PATENT NO. 9,002,477

7      24.    Avation repeats and realleges each and every allegation set forth in the above

8  paragraphs and incorporates them by reference herein.

9      25.    In view of the facts as alleged above, there is an actual, substantial,

10  immediate, and justiciable controversy between Avation and Defendant regarding whether

11  Avation infringes any claim of the '477 patent.

12      26.    According to the face of the '477 patent, Defendant is the assignee of the

13  '477 patent. On information and belief, Defendant owns all rights, title, and interest in and

14  under the '477 patent.

15      27.    Defendant has alleged and continues to allege that Avation's Vivally is

16  covered by the claims of the '477 patent, and that Avation is infringing the '477 patent.

17  Defendant may bring suit on this matter at any time. In the meantime, Avation is harmed

18  by these false allegations.

19      28.    Avation has not infringed and does not infringe any claim of the '477 patent

20  either directly or indirectly, literally or under the doctrine of equivalents.

21      29.    Independent Claim 1 of the '477 patent, which is the sole independent claim

22  of the '477 patent, recites as follows:

> 1. A method of performing electrical stimulation therapy,
> comprising:
> non-invasively positioning a first portion of a patient's body
> relative to an electrical stimulator such that a posterior tibial
> nerve or branch thereof within the first portion of the body is in
> proximity to the electrical stimulator;

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-5-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

       passing a current through the electrical stimulator;

       delivering an electrical stimulus from the electrical stimulator to the posterior tibial nerve or branch thereof;

       detecting electrical conduction through the posterior tibial nerve or branch thereof or detecting a muscular response caused by an electrical conduction through the posterior tibial nerve or branch thereof via at least one sensor positioned along a second portion of the body;

       receiving a signal from the at least one sensor indicative of the detected electrical conduction or muscular response thereby providing feedback about the efficacy of the applied electrical stimulation therapy; and

       adjusting the current via a controller in communication with the electrical stimulator based on the feedback.

30. Avation's Vivally does not infringe Independent Claim 1 (or any of the dependent claims) because it does not include every limitation required by the claim. For instance, without limitation and by way of example only, Avation's Vivally does not meet or embody the limitation of "adjusting the current via a controller in communication with the electrical stimulator based on the feedback." Avation's Vivally does not "adjust[] the current" of an electrical stimulator "based on the feedback" of "at least one sensor" as those terms are used in the '477 patent. Avation's Vivally uses pulse-width modulation to apply stimulation energy, in which the electrical signal supplied via the stimulation electrodes is at a constant current. Therefore, at least these claim limitations are not practiced by Avation.

31. Therefore, a substantial controversy exists between Avation and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Avation has not infringed and does not infringe any claim of the '477 patent.

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-6-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

32.  A substantial, immediate, real, and justiciable controversy exists between Avation and Defendant as to whether Avation's products infringe the '477 patent. Avation accordingly requests a judicial determination of its rights, duties, and obligations regarding the '477 patent.

33.  Avation seeks a judgment declaring that Avation does not directly or indirectly infringe any claim of the '477 patent.

## SECOND CAUSE OF ACTION

## NONINFRINGEMENT OF U.S. PATENT NO. 11,224,742

34.  Avation repeats and realleges each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

35.  In view of the facts as alleged above, there is an actual, substantial, immediate, and justiciable controversy between Avation and Defendant regarding whether Avation infringes any claim of the '742 patent.

36.  According to the face of the '742 patent, Defendant is the assignee of the '742 patent. On information and belief, Defendant owns all rights, title, and interest in and under the '742 patent.

37.  Defendant has alleged and continues to allege that Avation's Vivally is covered by the claims of the '742 patent, and that Avation is infringing the '742 patent. Defendant may bring suit on this matter at any time. In the meantime, Avation is harmed by these false allegations.

38.  Avation has not infringed and does not infringe any claim of the '742 patent either directly or indirectly, literally or under the doctrine of equivalents.

39.  Independent Claim 1 of the '742 patent, which is the sole independent claim of the '742 patent, recites as follows:

> 1. A method of treating overactive bladder or incontinence, comprising:
>
> non-invasively positioning a first portion of a patient's body relative to an electrical stimulator such that a branch of a

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-7-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

    posterior tibial nerve within the first portion of the body is

    directly targeted by the electrical stimulator;

    passing a current through the electrical stimulator; and

    delivering an electrical stimulus from the electrical stimulator

    to the branch of the posterior tibial nerve such that the branch

    directly receives the electrical stimulation to treat overactive

    bladder or incontinence.

  40. Avation's Vivally does not infringe Independent Claim 1 (or any of the dependent claims) because it does not include every limitation required by the claim. For instance, without limitation and by way of example only, Avation's Vivally does not meet or embody the limitation of "positioning a first portion of a patient's body relative to an electrical stimulator such that a branch of a posterior tibial nerve within the first portion of the body is directly targeted by the electrical stimulator." Additionally, without limitation and by way of example only, Avation's Vivally does not meet or embody the limitation of "delivering an electrical stimulus from the electrical stimulator to the branch of the posterior tibial nerve such that the branch directly receives the electrical stimulation to treat overactive bladder or incontinence." Avation's Vivally does not "directly target[]" a "branch of a posterior tibial nerve" or "deliver[] an electrical stimulus" to a "branch of the posterior tibial nerve" so that the branch "directly receives the electrical stimulation," as those terms are used in the '742 patent. Therefore, at least these claim limitations are not practiced by Avation.

  41. Therefore, a substantial controversy exists between Avation and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Avation has not infringed and does not infringe any claim of the '742 patent.

  42. A substantial, immediate, real, and justiciable controversy exists between Avation and Defendant as to whether Avation's products infringe the '742 patent. Avation accordingly requests a judicial determination of its rights, duties, and obligations regarding

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-8-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

1  the '742 patent.

2  43.  Avation seeks a judgment declaring that Avation does not directly or

3  indirectly infringe any claim of the '742 patent.

## THIRD CAUSE OF ACTION

### NONINFRINGEMENT OF U.S. PATENT NO. 11,844,94

44.  Avation repeats and realleges each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

45.  In view of the facts as alleged above, there is an actual, substantial, immediate, and justiciable controversy between Avation and Defendant regarding whether Avation infringes any claim of the '943 patent.

46.  According to the face of the '943 patent, Defendant is the assignee of the '943 patent.  On information and belief, Defendant owns all rights, title, and interest in and under the '943 patent.

47.  Defendant has alleged and continues to allege that Avation's Vivally is covered by the claims of the '943 patent, and that Avation is infringing the '943 patent. Defendant may bring suit on this matter at any time.  In the meantime, Avation is harmed by these false allegations.

48.  Avation has not infringed and does not infringe any claim of the '943 patent either directly or indirectly, literally or under the doctrine of equivalents.

49.  Independent Claims 1, 14, and 27 of the '943 patent recite as follows:

> 1. A method of treating overactive bladder or incontinence, comprising:
> non-invasively positioning a first portion of a patient's body near an ankle relative to an electrical stimulator such that a posterior tibial nerve within the first portion of the body is directly targeted by the electrical stimulator;
> passing a current through the electrical stimulator; and
> delivering an electrical stimulus from the electrical stimulator

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-9-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

to the posterior tibial nerve such that the posterior tibial nerve directly receives the electrical stimulation to treat overactive bladder or incontinence.

14. A method of treating overactive bladder or incontinence, comprising:

non-invasively positioning a first portion of a patient's body near an ankle relative to an electrical stimulator positioned within a sock worn upon a foot of the patient such that a posterior tibial nerve within the first portion of the body is directly targeted by the electrical stimulator;

passing a current through the electrical stimulator; and

delivering an electrical stimulus from the electrical stimulator to the posterior tibial nerve such that the posterior tibial nerve directly receives the electrical stimulation to treat overactive bladder or incontinence.

27. A method of treating overactive bladder or incontinence, comprising:

non-invasively positioning a first portion of a patient's body near an ankle relative to an electrical stimulator positioned upon a strap which is secured over a foot of the patient such that a posterior tibial nerve within the first portion of the body is directly targeted by the electrical stimulator;

passing a current through the electrical stimulator; and

delivering an electrical stimulus from the electrical stimulator to the posterior tibial nerve such that the posterior tibial nerve directly receives the electrical stimulation to treat overactive

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-10-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

1  bladder or incontinence.

2  50. Avation's Vivally does not infringe Independent Claims 1, 14, or 27 (or any of the dependent claims) because it does not include every limitation required by the claims. For instance, without limitation and by way of example only, Avation's Vivally does not meet or embody the limitation of "non-invasively positioning a first portion of a patient's body near an ankle relative to an electrical stimulator," which is required by each of the independent claims. Avation's Vivally does not "position[]" the body "near an ankle" "relative to an electrical stimulator" as those terms are used in the '943 patent. The '943 patent disclosure clearly indicates that "delivering electrical stimulation . . . by stimulating a site overlying a nerve near the medial malleolus [*i.e.*, ankle]. . . generates a painful shock to the patient" and that such electrical stimulation "builds and quickly becomes painful and intolerable." *See* **Exhibit C**, '943 patent at 50:62-51:3. The term "near an ankle" as used in the claims of the '943 patent therefore cannot encompass delivering electrical stimulation at a site overlying a nerve at the medial malleolus (i.e., ankle). Avation's Vivally provides stimulation energy to a site overlying a nerve at the ankle. Therefore, at least these claim limitations are not practiced by Avation.

51. Therefore, a substantial controversy exists between Avation and Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Avation has not infringed and does not infringe any claim of the '943 patent.

52. A substantial, immediate, real, and justiciable controversy exists between Avation and Defendant as to whether Avation's products infringe the '943 patent. Avation accordingly requests a judicial determination of its rights, duties, and obligations regarding the '943 patent.

53. Avation seeks a judgment declaring that Avation does not directly or indirectly infringe any claim of the '943 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Avation respectfully requests that judgment be entered in its favor

Rutan & Tucker, LLP
attorneys at law

2848/099999-0084
20379603.1 a03/19/24

-11-

Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

and prays that the Court grant the following relief:

1. A judgment declaring that Avation has not infringed and is not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Challenged Patents, and declaring that the manufacture, use, sale, offer for sale, and/or importation of Avation's Vivally does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claims of the Challenged Patents;

2. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Avation or the manufacture, importation, use or sale of Avation's Vivally infringes the Challenged Patents, or from instituting or initiating any action or proceeding alleging infringement of the Challenged Patents against Avation or customers, manufacturers, users, importers, or sellers of Avation's Vivally;

3. A judgment declaring that Avation is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Avation its reasonable attorneys' fees, expenses, and costs in connection with this case; and

4. A judgment awarding Avation such other relief as the Court may deem just and proper.

## JURY DEMAND

Avation hereby demands a jury trial on all issues and claims so triable.

Dated: March 19, 2024                    Respectfully submitted

                                         RUTAN & TUCKER, LLP


                                         By:  /s/ Seth Jessee
                                              Seth Jessee
                                              Attorneys for Plaintiff
                                              AVATION MEDICAL, INC.