Todd R. Tucker (Admitted *pro hac vice*)
ttucker@calfee.com
Kyle Deighan (To be admitted *pro hac vice*)
kdeighan@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone:  216-622-8200

Seth Jessee (State Bar No. 310983)
sjessee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone:  714-641-5100
Facsimile:  714-546-9035

*Attorneys for Plaintiff*
*AVATION MEDICAL, INC.*

Ryan E. Hatch, Esq. (Bar No.: 235577)
HATCH LAW, PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: (310) 435-6374
ryan@hatchlaw.com

*Attorneys for Defendant*
*EMKINETICS, INC.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVATION MEDICAL, INC.,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EMKINETICS, INC.,<br><br>                    Defendant. | Case No. 4:24-cv-01702-JST<br>Honorable Jon S. Tigar<br><br>**ORDER APPROVING**<br>**JOINT STIPULATION TO ADVANCE**<br>**STAY PENDING RESOLUTION OF PTAB**<br>**REVIEW PROCEEDINGS OF**<br>**CHALLENGED PATENTS** |

1    Plaintiff Avation Medical, Inc. ("Plaintiff") and Defendant EMKinetics, Inc. ("Defendant")

2   (collectively, the "Parties") by and through their undersigned counsel, hereby stipulate as follows:

3   **RECITALS**

4    WHEREAS, on March 19, 2024, Plaintiff initiated this action by filing its Complaint

5   against Defendant for Declaratory Judgment of Noninfringement of U.S. Patent No. 11,844,943

6   (the "943 Patent"), U.S. Patent No. 11,224,742 (the "742 Patent"), and U.S. Patent No. 9,002,477

7   (the "477 Patent") against Defendant (ECF No. 1);

8    WHEREAS, the Complaint and Summons were served on June 14, 2024 (ECF No. 5); and

9   on July 5, 2024, the parties stipulated to an extended deadline for Defendant to respond to the

10  Amended Complaint up to and including August 5, 2024 (ECF No. 18);

11   WHEREAS, on August 5, 2024, Defendant filed its answer and counterclaims (ECF No.

12  21); and on August 26, 2024, Plaintiff filed its response to Defendant's counterclaims (ECF No.

13  23);

14   WHEREAS, while this case has been pending, Plaintiff filed proceedings with the United

15  States Patent &Trademark Office Patent Trial and Appeal Board ("PTAB Proceedings")

16  challenging all claims of each of the 943 Patent,[1] the 742 Patent, [2] and the 477 Patent;[3]

17   WHEREAS, Plaintiff filed a petition for post-grant review ("PGR") challenging all claims

18  of the '943 Patent on July 1, 2024 in PGR2024-00043;

19   WHEREAS, Plaintiff filed a petition for *inter partes* review ("IPR") challenging all claims

20  of the '742 Patent on September 3, 2024 in IPR2024-01375;

21   WHEREAS, Plaintiff filed a petition for IPR challenging all claims of the '477 Patent on

22  September 5, 2024 in IPR2024-01378;

23   WHEREAS, the Parties filed a joint stipulation to stay this case pending the Patent Trial

24  and Appeal Board's ("PTAB") decisions regarding institution of the PTAB Proceedings on

25  September 30, 2024 (ECF No. 32);

26

27  [1]  See Avation Medical Inc. v. EMKinetics, Inc., PGR2024-00043 (PTAB).
    [2]  See Avation Medical Inc. v. EMKinetics, Inc., IPR2024-01375 (PTAB).
28  [3]  See Avation Medical Inc. v. EMKinetics, Inc., IPR2024-01378 (PTAB).

WHEREAS, on October 1, 2024, the Court approved the Parties' joint stipulation and stayed this case "pending the last of the PTAB's decision on whether to grant or deny the PGR and IPR petitions and institute review." ECF No. 33. The Court further ordered the Parties to provide a status report within fourteen (14) days of the last of the PTAB's decisions regarding whether to institute review and instructed that "[t]he parties' status report following PTAB's decisions regarding whether to institute review may include a stipulation advancing or continuing these dates as appropriate" (*id.*);

WHEREAS, on January 29, 2025, the PTAB issued a Decision Granting Institution of Post-Grant Review regarding the '943 Patent in PGR2024-00043;

WHEREAS, on March 18, 2025, the PTAB issued a Decision Granting Institution of *Inter Partes* Review regarding the '742 Patent in IPR2024-01375;

WHEREAS, on March 18, 2025, the PTAB issued a Decision Granting Institution of *Inter Partes* Review regarding the '477 Patent in IPR2024-01378;

WHEREAS, the last of the PTAB's Final Written Decisions regarding the patentability of the '943 Patent, '742 Patent, and '477 Patent is due on or before March 18, 2026 (which may be extended by 6 months by the Director for good cause shown). *See* 35 U.S.C. § 316(a)(11) ("requiring that the final determination in an *inter partes* review be issued not later than 1 year after the date on which the Director notices the institution of a review under this chapter, except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months"); 35 U.S.C. § 326(a)(11) ("requiring that the final determination in any post-grant review be issued not later than 1 year after the date on which the Director notices the institution of a proceeding under this chapter, except that the Director may, for good cause shown, extend the 1-year period by not more than 6 months");

WHEREAS, discovery has not yet been exchanged in this action, the parties have not begun the claim construction process, and neither a Markman hearing nor a trial date have been scheduled;

WHEREAS, staying the case at this early stage may avoid unnecessary and duplicative

1  litigation;

2       WHEREAS, staying this litigation until the PTAB issues Final Written Decisions in the

3  PTAB Proceedings may substantially simplify the issues in this case, namely that the PTAB

4  Proceedings here will resolve the validity of all claims in the challenged patents.  Thus, staying

5  this action will help ensure that neither the Court nor the parties expend additional or unnecessary

6  resources;

7       WHEREAS, the Parties have conferred and agree to stay this litigation at least through

8  when the PTAB issues Final Written Decisions in the above-referenced PTAB Proceedings.  The

9  Parties further agree to provide a joint status report to the Court within 14 days after the PTAB has

10 issued the last of the PTAB's Final Written Decisions in the PTAB Proceedings.  The Parties

11 believe this course of action would allow the Court to benefit from the PTAB Proceedings in

12 deciding, about 12 months from now, whether to further stay the case pending any further appeals;

13      WHEREAS, the Parties further agree that, in conjunction with the Court's approval of this

14 Stipulation, all current dates in the present case should be vacated, including the April 22, 2025

15 deadline to file a Joint Case Management Statement and the April 29, 2025 Case Management

16 Conference.

17                              **STIPULATION**

18      THEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES that with good cause

19 appearing and subject to the approval of the Court, the proceedings in this case will remain

20 STAYED pending the last of the PTAB's Final Written Decisions in the PGR and IPR

21 Proceedings determining the patentability of U.S. Patent No. 11,844,943 (PGR2024-00043), U.S.

22 Patent No. 11,224,742 (IPR2024-01375), and U.S. Patent No. 9,002,477 (IPR2024-01378).

23      The Parties shall provide a status report to this Court within fourteen (14) days of the last

24 of the PTAB's Final Written Decisions in the PTAB Proceedings;

25      Upon approval of this Stipulation by the Court, all current dates in the present case,

26 including the April 22, 2025 deadline to file a Joint Case Management Statement and the April 29,

27 2025 Case Management Conference, are vacated.

28

Case No. 4:24-cv-01702
JOINT STIPULATION TO
ADVANCE STAY

1   Dated:  April 1, 2025                   RUTAN & TUCKER, LLP

2

3                                   By:   */s/ Seth Jessee*

                                             Seth Jessee

4                                              Attorneys for Plaintiff

                                             AVATION MEDICAL, INC

5

  Dated:  April 1, 2025                  HATCH LAW, PC

6

7

8                                   By:   */s/ Ryan E. Hatch*

                                             Ryan E. Hatch

9                                              Attorneys for Defendant

                                             EMKINETICS, INC

10

11 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**  As a control date, a case management conference is set for April 28, 2026, with a joint statement due by April 21, 2026.

12

  Dated:   April 2, 2025

13                                      Jon S. Tigar

14                                      United States District Judge

15

16

17                     **ATTESTATION OF CONCURRENCE IN FILING**

18         In accordance with L.R. 5-4.3.4, the filing party hereby attests that all signatories listed

19 concur in this filing's content and have authorized this filing.

20

21                                   By:   */s/ Seth Jessee*

22                                              Seth Jessee

23

24

25

26

27

28

Case No. 4:24-cv-01702
JOINT STIPULATION TO
ADVANCE STAY