UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVATION MEDICAL, INC.,

Plaintiff,

v.

EMKINETICS,INC.,

Defendant.

Case No. 24-cv-01702-JST

**ORDER DISMISSING CASE**

The parties have filed a joint status report indicating their agreement that this case should be dismissed:

> The Parties agree that all claims of U.S. Patent Nos. 11,844,943 ("the '943 Patent"), 11,224,742 ("the '742 Patent"), and 9,002,477 ("the '477 Patent") were found unpatentable by the U.S. Patent Trial and Appeal Board ("PTAB"), that EMK[inetics] did not appeal those decisions, that EMK's deadline to appeal the PTAB decisions has expired, and that all claims of the '943, '742, and '477 Patents have been fully and finally adjudicated to be unpatentable and are cancelled. The Parties further agree that the Court should lift the stay in this action and that the case should be dismissed. The Parties disagree, however, on the appropriate form of dismissal and the disposition of potential requests for attorneys' fees and costs.

ECF No. 46 at 2 (citations omitted).

Plaintiff Avation Medical, Inc. contends that the Court "should dismiss the Parties' claims and counterclaims as moot and enter judgment." *Id.* It argues that "EMK's infringement counterclaims should be dismissed *with prejudice*" because "the cancelled claims . . . can never again support an infringement action," but that "Avation's declaratory judgment claims should be dismissed *without prejudice* because cancellation of the patent claims has eliminated the controversy giving rise to those claims." *Id.* at 3 (emphasis in original). Defendant EMK agrees "that all claims and counterclaims in this action must be dismissed as moot," but it argues that

United States District Court
Northern District of California

United States District Court
Northern District of California

both the claims and counterclaims should be dismissed without prejudice. *Id.* at 5.

The Court agrees with EMK that "[t]he exact same jurisdictional defect applies to both sides equally: the underlying patent rights have ceased to exist," and that there appears to be no reason to "treat[] identical moot claims differently." ECF No. 46 at 7. The Court dismisses both the claims and counterclaims without prejudice because the effect of a dismissal with prejudice "upon any enforcement of substantially similar claims in a reissued [or other] patent are not clear. . . . The Court is wary of inadvertently barring future actions that could otherwise have properly come before this Court or other courts. There is no justification to undertake the risk of such broad unintended consequences." *Capella Photonics, Inc. v. Cisco Sys. Inc.*, No. 14-cv-03348-EMC, 2019 WL 4242665, at *3 (N.D. Cal. Sept. 6, 2019). However, as both parties agree, the Court's dismissal of the claims and counterclaims does not operate as an adjudication on the merits. *See* ECF No. 46 at 4 ("Avation has never sought a dismissal on the merits in this case."); *id.* at 6 (EMK's portion of the statement, asserting that the Court lacks the "power to adjudicate the merits" of this case).

The Court makes no determination at this time as to whether either party may be awarded attorney's fees or costs, nor does it intend for anything in this order to necessarily permit or preclude a motion seeking such relief. If either party seeks fees or costs, it shall file a motion in compliance with the Federal Rules of Civil Procedure and the Civil Local Rules.

The Clerk shall enter judgment dismissing this case on mootness grounds and close the file.

**IT IS SO ORDERED.**

Dated: October 30, 2026

JON S. TIGAR
United States District Judge